#### IN THE

## SUPREME COURT

#### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, NOVEMBER TERM, 1826.

*THOMPSON* vs. *LINTON & AL.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff states that the defendants (Linton, Brower & Lewis,) and others, entered into an agreement with the plaintiff, whereby they were to furnish a boat or boats for the piloting business; and that the earnings of said boat should be divided as follows: two-fifths thereof by the owners of the boats, and three-fifths by the pilots; and that the plaintiff, who was to be the agent, should receive 5 per cent. on all monies collected—2 1-2 per cent. on all advances—and 1 1-2 on all purchases. The defendants, and the other parties to the

*When distinct claims against distinct defendants, are presented together to a jury, and they find generally, the verdict will be set aside.*

THOMPSON
*vs.*
LINTON &AL.

agreement. ( ightburn, Prince & M'Donald,) promised to forward to him all the bills to be , and all the monies, collected.

That, in pursuance of said agreement, the plaintiff, the defendant Linton, and one Hollman, purchased a boat, for which they paid $1,700; and the defendant Linton, (a commissioned pilot) took possession of the said boat, and with the other two defendants, his under pilots, has ever since used and employed her in piloting vessels.

Yet they never transmitted to the plaintiff any bill to be, or any money, collected ; and have employed other persons to make the necessary purchases.

The petition concludes with a prayer, that the defendants may account ; and that they may be decreed to pay one-third of two-fifths of the earnings : five per cent. on all the monies collected ; and one and a half per cent. on the purchases—or damages.

Farther, that the partnership in the boat, between Linton, the plaintiff and Hollman, m y be dissolved, the boat sold, and that Hollman be cited ; and that he and Linton may render an account of, and pay the plaintiff his share of the profits.

Linton, Lewis & Co. filed an answer, avering that they employ'd the plaintiff in the agency for no definite time; that he rendered false and fraudulent accounts, and they discharged him; that they had advanced him more money than he lent for them.

Linton and Hollman answered they could not be sued for a dissolution of the partnership between the plaintiff and them in the same suit, in which he claims damages from Linton, Lewis & Brower; that the plaintiff and they are under a contract with Lewis, that the boat shall be employed during eighteen months in piloting, &c.

With leave, the suit was discontinued as to Hollman.

The jury found a verdict for the plaintiff, and assessed his damages to $1,566 66; and he had judgment accordingly.

The defendants appealed.

It does not appear that the inferior courts gave any judgment on the plea in abatement of inton, in regard to the claim of the plaintiff, relating to the boat purchased by the latter, and Linton & Hollman.

For any thing that appears on the record, the damages given are compounded of those

claimed against Linton, Brower & Lewis; and those claimed of Linton, in the connexion that subsisted between the plaintiff and Hollman. The whole matters is in the petition, in regard to two distinct transactions, and between two different sets of contracting parties, appear to have been submitted to the jury—whether they assessed damages on both claims, and on which, if one only was considered, is a matter of doubt. But the defendants, Brower and Lewis, are utter strangers to the part of the plaintiff's complaint, resulting from the conduct of his co-partners in the purchase of the boat.

The defendant Linton, has a right to know the amount of damages he is mulcted with, either in both, or either of the claims of the plaintiff; and the other defendants must not be left in doubt whether they be not charged with a part of the plaintiff's demand against Linton.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; the verdict set a side; and the case remanded, with instructions to the judge to grant judgment on the plea of abate-

ment, and proceed afterwards according to law ; and it is ordered, that the plaintiff and appellee pay costs in this court.

*Pierce* for the plaintiff, *Preston* for the defendants.